UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES GUILBEAU | CIVIL ACTION NO. 14-2867 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| HESS CORPORATION, et al | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is Hess Corporation's 12(b)(6) motion to dismiss, doc. 75, referred to me for Report and Recommendation. The motion seeks dismissal of the plaintiff's claims, as set forth in his amending complaint, for failure to state a claim upon which relief can be granted.

This is a suit for damages, remediation, and injunctive relief as the result of oilfield operations on plaintiff's property. Three landowners in Avoyelles Parish, Justin Dale Tureau, Kenneth James Guilbeau, and Ritchie Grocer Company, who own four separate but contiguous tracts of land in the Eola Oil Field (Tureau Tracts 1 and 2, Guilbeau tract, and Ritchie Grocer tract) filed a single suit in state court against 2 H Incorporated, Goldsberry Operating Company, Inc. (Goldsberry), Hess Corporation, BEPCO, L.P., and BOPCO, L.P. whom plaintiffs claim either caused damage while they or their predecessors in interest[1] operated on the tracts or contaminated the subject tracts while operating on other properties. See map of all wells at Exhibit 6 attached to

---

[1] Hess's predecessors in interest were, according to plaintiffs, Amerado Petroleum Corp. and Amerada Hess Corp. BEPCO asserts that it is successor only to Sid W. Richardson and Perry R. Bass, Inc. BOPCO is not a successor to any of the companies claimed by plaintiffs in petition, according to it. 2H is successor to Tribal Oil Company.

the Notice of Removal. This case was removed to this court by defendants BEPCO and BOPCO on the basis of diversity jurisdiction[2]. A motion to remand was denied by the district judge[3]. The district judge also ordered that the 3 plaintiffs' claims be severed and motions filed, as needed, by each separate defendant. In response to Hess's motion for more definite statement and motion to dismiss[4], plaintiff, Guilbeau, filed an amended complaint, doc. #70, to address Hess's concerns. Hess then filed the instant motion to dismiss asserting that, while some of it's concerns were addressed in the proposed amending complaint, the amending complaint still fails to state a claim.

    Law Applicable to Rule 12(b)(1) motions

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). See also, Ashcroft v. Iqbal . Nevertheless, FRCP Rule 8(a)(2) still requires only a short and plain statement of the claim showing that the pleader is entitled to relief and recitation of specific facts are not

---

[2] Case number 13-2977 was removed to this court by defendant Hess. It is the same state court lawsuit as this one and has now been consolidated with this case.

[3] See doc. #52.

[4] See doc. #56, which has been denied as moot at the request of mover, Hess.

necessary. See Twombly and Iqbal, both supra.

This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra. A motion to dismiss is viewed with disfavor and is rarely granted. Collins v. Morgan Stanley, 224 F.3d 496 (5th Cir. 2000).

Analysis

Hess seeks dismissal of the complaint and asserts that plaintiff has made only ambiguous, generalized and global assertions of the activities of all three defendants and has failed to provide any specifics as to date, location or cause supporting its claims against Hess. Alternatively, Hess seeks dismissal of certain causes of action.

Although Hess suggests that it has not operated on the property for over 40 years, it does not dispute that prior to that time it or its predecessors in interest operated or had an interest in the wells and performed oil-field-related activities on the property of plaintiff. It is facially plausible that Hess's activities contaminated the property. The complaint is adequate to apprise Hess of the nature of the claims against it. Plaintiff has specifically described the property which is the subject of the claims, has identified the wells, their location on the property and their serial numbers, the nature of the damage and contamination and the legal theories relied on. The discovery process will be adequate to obtain the specifics of what, if any, contamination Hess and /or the other two defendants

may have caused and are responsible for.

Nevertheless, although the complaint in its entirety should not be dismissed, certain claims should be. An analysis of those claims follows.

Fraud

Plaintiff's fraud claim, in a nutshell, is that Hess contaminated the property and didn't inform plaintiff that it had contaminated the property. Plaintiff alleges that it "failed to warn" plaintiff which, it suggests, is equivalent to suppression of the truth. Further, plaintiff asserts that Hess covered up and concealed the contamination.

FRCP 9(b) requires a party alleging fraud to state with particularity the circumstances constituting fraud. Louisiana law defines fraud as a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage or to cause a loss or inconvenience to someone. LSA-CC Art. 1953. The same article provides that fraud may be the result of silence or inaction. Under Louisiana law, in order to find fraud from silence or inaction, there must exist a duty to speak or to disclose information. Thomas v. Pride Oil & Gas Props., Inc., 633 F. Supp.2d 238 (W.D. La. 2009).

The elements of an action for fraud are 1) a misrepresentation of a material fact, 2) an intent to deceive (fraudulent intent), and 3) justifiable reliance and resulting damages. Culotta v. Sodexo Remote Sites Partnership, 2012 WL 1069179 (E.D. La 2012). Mere silence or inaction, without fraudulent intent, does not constitute fraud. Terrebonne Concrete, LLC v. CEC Enterprises, LLC, 76 So.3d 502 (La. App. 1st C. 2011. Fraud cannot be predicated on mistake or negligence. Id.

Here, there are no allegations of a duty to inform and no allegation that any silence of Hess was with intent to deceive, nor are there any allegations that plaintiff reasonably relied on Hess's

4

silence to his detriment. Rather, as Hess suggests in brief, this case is similar to Guthrie v. Plains Resources, Inc., 2013 WL 2471670 (W. D. La. 2013) in which the court noted there were no allegations distinguishing among each individual defendant and their individual responsibility for fraudulent activities, no information on how when or where the defendants actively concealed the pollution, no revelation of the source of the defendants' duty to inform, and no explanation why the defendants' failure to inform was misleading. The court also noted that a 45 year time period is overly broad when alleging fraud.

Plaintiff has failed to adequately plead fraud and thus the fraud claims should be dismissed.

Punitive damages

Plaintiff has conceded that he cannot maintain a claim for punitive damages. Those claims should be dismissed.

Continuing tort

Likewise, plaintiff concedes this argument; the claims should be dismissed.

Continuing trespass

A continuous trespass is a continuous tort. As such, the operating cause of the injury must be continuous. Where, as here, a plaintiff complains of contamination related to oilfield activities, it is not the continued presence of contamination that is the operating cause of the injury but rather the activities that caused the contamination. See Hogg v. Chevron USA, Inc. 45 So.3d 991 (La. 2010). See also Wagoner v. Chevron USA, Inc., 55 So.3d 12, 25 (La. App 2nd C. 2010). Here, Hess has not engaged in activities on the land for over 60 years.

However, plaintiff now complains in brief that there is a continuing trespass because Hess exceeded the scope of its lease, relying on language in Vermillion Parish School Bd. V. BHP Billiton

Petroleum, et al, no. 4-2069 (W.D. La. 2005). That language was in the context of a motion to remand and, in any event, did not consider the adequacy of a claim for trespass in the context of a motion to dismiss. Here, plaintiff fails to allege or describe the specific lease, the provision in the lease the scope of which Hess is now claimed to have exceeded or what activities he alleges Hess engaged in to exceed the scope of a lease.

The claim for continuing trespass should be dismissed for the same reasons plaintiff has conceded his claim for continuing tort should be dismissed.

### Civil fruits

Plaintiff concedes the argument and the claims should be dismissed.

### Ultrahazardous activity

Plaintiff concedes; the claims should be dismissed.

### Unreasonable risk of harm under Civil Code Articles 2317 and 2322

Plaintiff claims that Hess had in its custody (40 years ago) the areas contaminated, and particularly the polluted pits. However, plaintiff has not shown or alleged any "defect" creating an unreasonable risk of harm or, after the 1996 amendments, how Hess might have been negligent. Plaintiff has failed to show that he has been injured while Hess had custody of the property. Neither has he shown or alleged that any harm he has allegedly suffered was caused by any such defect. Therefore, plaintiff has failed to allege facts plausibly suggesting that the facilities and equipment contained a defect or ruin or that they posed an unreasonable risk of harm or that plaintiff was injured by the defect or ruin while Hess had custody of the property. See Alford v. Chevron USA, 13-5457 (E.D. La. 2015).

Unjust enrichment

Plaintiff has conceded that he has no claim for unjust enrichment and thus those claims should be dismissed.

Mineral Code Art. 22 (LSA-R.S. 31:22

Plaintiff concedes that he cannot maintain these claims. They will be dismissed.

Restatement (Second) of Torts §324A

Plaintiff has failed to show that Hess undertook to provide services for another or that it performed negligently or that plaintiff relied on anything Hess undertook to do. See Canipe v. National Loss Control Serv. Corp., 736 F.2d 1055, 1061 (5th Cir. 1984). The claim should be dismissed.

Civil Code Article 2688

This article, which require lessees to notify lessors of damage to the property and to pay for any damages caused by their failure to notify was enacted in 2005. It may not be applied retroactively to alter the obligations of any contracts with Hess or its predecessors 60 years prior. See Block v. Reliance Ins. Co., 433 So.2d 1040 (La. 1983).

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss be GRANTED in part and, in part, DENIED. The plaintiff's claims for fraud, punitive damages, continuing tort, continuing trespass, civil fruits, ultrahazardous activity, claims under Civil Code Articles 2317 and 2322, unjust enrichment, Mineral Code Article 22, Restatement (Second) of Torts §324A and Civil Code Article 2688 should be dismissed. In all other respects, the motion to dismiss should be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs  (such as  supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 27th day of February, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE