RECEIVED
AUG 23 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH JAMES GUILBEAU | CIV. ACT. NO. 14-2867 |
| -vs- | JUDGE DRELL |
| 2 H, INC., ET AL. | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Now before the court is a motion for summary judgment filed by defendant Hess Corporation ("Hess") (Doc. 101) in the above-captioned case. The motion has been appropriately briefed and is now ripe for decision.[1] For the reasons explained below, the court finds that Hess' motion should be **GRANTED**.

### I. BACKGROUND

#### A. Relevant Facts

The above-captioned case is one of three (3) legacy lawsuits formerly belonging to a single civil action originally filed in Louisiana's 12th Judicial District Court for the Parish of Avoyelles. The case was removed to this court in October of 2013.[2] In September of 2014, each plaintiff's claims were severed and assigned separate civil action numbers.[3]

This particular suit concerns a parcel of land equaling approximately 120 acres, more or less, lying East and South of the Union Pacific Railroad, located in Section 6, Township 2 South, Range 3 East, in Avoyelles Parish, Louisiana ("Guilbeau Tract").[4] Plaintiff's predecessors in title,

---

[1] Plaintiff's memorandum in opposition is found in the record at Doc. 103. Hess' reply brief is found at Doc. 104.
[2] Doc. 1.
[3] Doc. 52. The additional related civil actions are: 13-2969, Tureau v. 2H, Inc., et al. and 14-2868, Ritchie Grocer Co. v. 2 H, Inc., et al.
[4] Doc. 71 at ¶ 2.

1

beginning with Mrs. Oudia Byers Madole, granted multiple mineral leases to P.N. Wiggins, Jr. and one mineral lease to J.A. Patton on approximately 160 acres in Section 6, Township 2 South, Range 3 East in the Eola Field ("1935 leases").[5] Wiggins and Patton assigned their entire interest in these leases to Amerada Petroleum Corporation 2 months later on or about February 7, 1936.[6] Amerada Petroleum Corporation was granted an additional mineral lease covering the Guilbeau Tract by Theodore M. Enochs ("Enochs lease") in 1938.[7]

Amerada operated eight (8) wells on the Guilbeau Tract:

1. The Glaze et al #1 Well (serial no. 22797) (the "No. 1 Well");
2. The Glaze et al #2 Well (serial no. 23002) (the "No. 2 Well");
3. The Heirs of Patrick H. Glaze et al #3 Well (serial no. 23089) (the "No. 3 Well");
4. The Heirs of Patrick H. Glaze et al #4 Well (serial no. 23115) (the "No. 4 Well");
5. The Heirs of Patrick H. Glaze et al #5 Well (serial no. 23116) (the "No. 5 Well);
6. The Heirs of Patrick H. Glaze et al #7 Well (serial no. 23393) (the "No. 7 Well");
7. The Heirs of Patrick H. Glaze et al #8 Well (serial no. 23394) (the "No. 8 Well"); and
8. The Heirs of Patrick H. Glaze et al #9 Well (serial no. 24293) (the "No. 9 Well").[8]

As recounted with great detail in Hess' memorandum in support of its motion, all eight (8) of these wells were plugged and abandoned by December of 1973.[9] Hess is the successor in interest to several oil and gas exploration entities, including Amerada Petroleum Corporation, Amerada Hess Corporation and Amerada Division Amerada Hess Corporation (collectively, "Amerada").

---

[5] Doc. 101-44 at ¶ 5.
[6] Id.
[7] Id.
[8] Id. at ¶ 7 citing Docs. 101-36, -37, -38, -39, -40, -41, -42, -43.
[9] Id. at ¶¶ 6, 7.

2

Plaintiff acquired his interest in the Guilbeau Tract by Act of Cash Sale dated November 30, 2007.[10] Plaintiff's suit alleges that the Guilbeau Tract has been contaminated by the oil and gas exploration and production activities of Hess and its predecessors.[11] Plaintiff's suit seeks various damages, including, but not limited to, the costs of remediation pursuant to La. R.S. 30:29.[12]

Hess' instant motion seeks dismissal of all claims by Plaintiff against it on the basis that the successive purchaser doctrine bars Plaintiff's purported right of action in this case, making summary judgment in Hess' favor correct as a matter of law.

### A.     Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "We consider all evidence 'in the light most favorable to the party resisting the motion.'" Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 quoting Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

---

[10] Doc. 101-3.
[11] Docs. 1-2, 71.
[12] Id.

3

## II. ANALYSIS

Hess' motion asserts entitlement to judgment as a matter of law based on application of the subsequent purchaser doctrine. The subsequent purchaser doctrine is a jurisprudential rule which provides that

> an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted.

Eagle Pipe & Supply v. Amerada Hess Corp., 79 So.3d 246, 257 (La. 2011). As explained by the Louisiana Third Circuit Court of Appeal in Lejeune Bros., Inc. v. Goodrich Petroleum Co., LLC, 981 So.2d 23 (La. App. 3 Cir. 2007), Louisiana jurisprudence overwhelmingly classifies a right of action on damages to land as a personal right, rather than a real right that runs with the land. La. Civ. C. Art. 1758; Lejeune, 981 So.2d at 31.

Hess urges summary judgment dismissing all claims for damage to the Guilbeau Tract, asserting that the 2007 Cash Sale by which Plaintiff acquired such property did not contain express assignments of the rights to sue for pre-acquisition damage. Hess points out, additionally, that Plaintiff did not acquire an ownership interest in the subject property until approximately thirty-five (35) years after Hess' predecessor's last operating well was plugged and abandoned. Accordingly, argues Hess, Plaintiff cannot show a right of action under these facts. We agree.

As described in our recitation of the facts above, Plaintiff acquired ownership of the Guilbeau Tract by Act of Cash Sale dated November 30, 2007. The Cash Sale provides, in part,

> …Justin Dale Tureau…declares that he does by these presents grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver with all legal warranties and with full substitution and subrogation in and to all the rights and

4

        actions of warranty which said vendor has or may have against all preceding owners and vendors…"[13]

Courts applying Louisiana law in interpreting similar contractual language decline to impute any transfer of personal rights to such clauses. See, e.g. Broussard v. Dow Chemical Co., 550 Fed. Appx. 241, 243 (5th Cir. 2013) (finding that the language "…with full and general warranty of title, and with full subrogation to all the rights and actions in warranty against any and all former owners and vendors…" was insufficient to constitute an express transfer of personal rights of action); Boone v. Conoco Phillips Co., 139 So.3d 1047, 153 (La. App. 3 Cir. 2014) (rejecting the transfer of personal rights of action based upon the language, "transfer[s] and deliver[s] with full guarantee of title and free from all encumbrances and with subrogation to all of its rights and actions of warranty against previous owners").

Based on the application of the great weight of jurisprudence to the facts of this case, we find that Hess has proven its allegation that Plaintiff was not expressly assigned and therefore does not possess rights of action for pre-acquisition damage to the Guilbeau Tract.

### III. CONCLUSION

After review of the law and argument advanced by the parties, as well as the evidence submitted in this matter, the court finds that the Hess, as movant herein, amply demonstrates its entitlement to judgment as a matter of law. Specifically, the court finds that the act of cash sale by which Plaintiff acquired ownership interest in the property at issue in this case does not expressly assign the personal rights to sue for pre-acquisition damage to property to Plaintiff. We

---

[13] Doc. 101-3.

reject Plaintiff's argument inviting the court to interpret Louisiana law contrary to the overwhelming majority of courts to consider this issue and, instead, agree with the movant that the subsequent purchaser doctrine applies in this matter. Accordingly, Plaintiff does not possess such rights of action and such claims by him must now be dismissed. The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
August 22nd, 2016

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT